COMMONWEALTH BANK AND TRUST COMPANY V.
BEN S. MORRIS.

No. 6759.   Decided December 31, 1934.
(77 S. W., 2d Series, 871.)

L. B. *Wiseman,* of Floresville,   *Henry; Bickett & Bickett,* of San Antonio, for appellant.

*Ingrum & Morris,* of San Antonio, for appellee.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case, which is before us on certified questions, involves the constitutionality of Chapter 16, General Laws of the Forty-third Legislature, enacted in 1933.   The Act is one providing that the Banking Commissioner of the State, with the approval of the Governor, may declare financial moratoriums "for and invoke a uniform limitation withdrawal, coextensive with the boundaries of the State, of deposits from all State Banks, National Banks, State Banks and Trust Companies, Trust Companies, Private Banks, Building and Loan Associatons, and all other banking and financial institutions in the State of Texas, or both such moratoriums and limitations of withdrawal of deposits."   It likewise confers upon the Commis-

sioner authority to promulgate any and all orders and decrees necessary to enforce the powers delegated, etc.

The certificate before us shows that the appellee on March 1, 1933, had on deposit in the savings department of the appellant $202.00, subject to withdrawal upon sixty days' notice. The appellee gave the notice to the bank on that date. At the end of the sixty-day period he demanded his money, but the bank declined to pay any amount thereof in excess of five per cent of the deposit, because of the order of the Commissioner of Banking, based upon the Bank Moratorium Act above referred to, which became effective March 4, 1933. Upon the failure of the bank to pay the entire amount of the deposit, suit was instituted by appellee; and upon trial, judgment, and appeal, the Court of Civil Appeals certified to us the question of the validity of the Bank Moratorium Act.

The certificate of the Court of Civil Appeals was filed in this Court on June 7, 1934, and the case was submitted, with the other moratoria cases, on the 8th day of October, 1934.

When we came to consider the case, we were satisfied, from our knowledge of general banking conditions, that the appellant could and would have paid the deposit had it not ceased business. We therefore took the necessary steps—as we were authorized to do—to ascertain whether or not this case is moot. Upon our request the Commissioner of Banking prepared a certificate of the status of the appellant bank, and we have caused it to be filed in this cause. This certificate shows that the appellant was taken over by the Commissioner of Banking on July 2, 1934, and that it is now being liquidated under the statutes by that officer.

Whatever may have been involved when the suit was instituted and when the certificate was filed in this Court last June, the moratoria statutes and the Commissioner's proclamations thereunder ceased to be applicable when the Commissioner took charge of the bank for the purpose of liquidation under other statutes. This being so, the validity of the Moratorium Act is no longer a justiciable question in this cause, and, since this question is the sole one certified in this case, the cause as it exists in this Court is moot. The certificate is accordingly dismissed.