Our Supreme Court, in Young v. Gray, 60 Tex. 541, 543, said: "When the ward dies, the duties of the guardian are at an end, except, alone, for the purposes of paying claims theretofore approved, or making his final account, and obtaining as soon as he can, for his protection in the future, an order of final settlement and discharge."

For the reasons given, the judgment of the trial court is reversed, the cause is reinstated, and same is remanded to the district court for a trial upon the merits.

tions certified had become moot by reason of the fact, ascertained and declared by the Supreme Court, that the assets of appellant, Commonwealth Bank & Trust Company, had been taken over, and its affairs are being liquidated, by the State Banking Commissioner, as provided by law. 77 S.W.(2d) 871.

For a like reason, then, we conclude that the questions presented in this appeal have become moot, and the appeal must be dismissed. We understand the effect of this action is to relegate appellee to the right to have his judgment certified by the clerk of the trial court to the State Banking Commissioner to be liquidated by him in due order of precedence.

The appeal is dismissed, the costs hereof to be assessed against the appellant and bill thereof likewise certified to the Banking Commissioner for observance.

## COMMONWEALTH BANK & TRUST CO. v. MORRIS.

### No. 9382.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1935.

## BRIDGES et ux. v. CONTINENTAL SOUTHLAND SAVINGS & LOAN ASS'N.

### No. 4469.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1935.

Rehearing Denied Oct. 21, 1935.

Henry, Bickett & Bickett, of San Antonio, and L. B. Wiseman, of Floresville, for appellant.

Ben S. Morris, of San Antonio, pro se.

SMITH, Justice.

The controlling questions involved in this appeal were certified to the Supreme Court on June 6, 1934. On December 31, 1934, the Supreme Court dismissed the certificate upon the ground that the ques-